Bell, J.
 

 The single question presented by this record is whether the decision of the Board of Tax Appeals is reasonable and lawful. ,The answer to that question is dependent upon the application of the law to the undisputed facts.
 

 The Tax Commissioner made an audit of the books of appellant, from which he arrived at the conclusion that the actual production of the kind of beer in question for the period of the audit plus the amount of the physical inventory on hand on December 1, 1941, totaled 521,356 cases; and that the amount on hand on November 17, 1942, plus reported taxable and untaxable sales staled 518,665 cases, leaving a deficiency of 2,691 cases of such beer for which the appellant was unable to account.
 

 Upon that state of the record the Tax Commissioner assessed against appellant a tax of $1,114.08, which included penalty of $145.32, on account of such deficiency.
 

 The finding of the Tax Commissioner reads in part as follows:
 

 “The permittee on hearing objected to the amount of the ‘malt beverage’ assessment of $968.76 and complained that the amount determined is in error in that same was predicated on permittee’s total ‘production of case .malt beverage’ and without consideration of permittee’s actual sales of ‘case malt beverage,’ the latter record permittee maintains is the basis upon which its malt beverage tax liability should be established.
 

 “The audit was compiled and tax deficiency established from permittee’s reports to the Federal Government of its
 
 ‘malt beverage and beer production rec
 
 
 *9
 

 orcl’
 
 adjusted to the extent of permittee’s physical inventory as of date of audit. The method so employed correctly reflects the amount of permittee’s case malt beverage tax deficiency and its objection, for reason herein stated, is disallowed. * * *
 

 “Therefore, it is the order of the Tax Commissioner that the assessment stands [sic] as issued.” (Emphasis supplied.)
 

 The tax was assessed under authority of Section
 
 6064-41a,
 
 General Code, which reads in part as follows :
 

 “For the purpose of providing revenue for the support of the state,
 
 a tax is hereby levied on the sale of beer, ale, porter, stout and other malt liquor beverages
 
 containing more than 3.2 per centum and not more than seven per centum of alcohol by weight in sealed bottles and cans at the rate of three-fourths of one cent on each six ounces of liquid content or fractional part thereof.” (Emphasis supplied.)
 

 This statuté levies a tax upon
 
 sales
 
 and not upon
 
 production.
 

 The record before the Tax Commissioner is devoid of evidence which proves or tends to prove that any taxable sale was made upon which the tax was unpaid.
 

 Upon the appeal before the Board of Tax Appeals the appellant offered testimony tending to prove that for a considerable time during the audit period it had a few disloyal employees whom it suspected of stealing-unstamped bottled beer, and that there were discrepancies between actual inventory and the inventory that its records showed should have been in the warehouse. The Tax Commissioner offered no additional evidence.
 

 The Board of Tax Appeals made the following- finding and order:
 

 “The board finds that no additional proof has been submitted to this board of any certainty which is sufficient to rebut the presumption of validity which at
 
 *10
 
 taches to the order of the Tax Commissioner. See
 
 Wheeling Steel Corp.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 71, 54 N. E. (2d), 132: * * *
 

 “It is, therefore, considered and adjudged by the Board of Tax Appeals that the action of the Tax Commissioner in making the assessment complained of be, and the same hereby is, affirmed. ’ ’
 

 The record makes clear that the Tax Commissioner assessed the tax levied by Section
 
 6064-41a,
 
 General Code, upon
 
 production
 
 and not upon
 
 sales.
 

 In the
 
 Wheeling Steel Corp. case, supra,
 
 which authority the board used as the basis of its -finding and decision, this court held:
 

 “The action of an administrative officer or board
 
 within the limits of the jurisdiction conferred by law
 
 is presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment.” (Emphasis supplied.)
 

 We adhere to that proposition of law. However, in the instant case, the statute levies a tax upon sales, but the Tax Commissioner assessed a tax upon
 
 production; hence his act was not within the limits of the jurisdiction conferred by law
 
 and no presumption of validity attached, thereto.
 

 We are of the opinion that the assessment was contrary to law, and that the decision of the Board of Tax Appeals affirming the action of the Tax Commissioner is unlawful.
 

 Therefore the decision of the Board of Tax Appeals is reversed and final judgment rendered in favor of appellant.
 

 Decision reversed.
 

 Weygandt, C. J., Zimmerman, Williams, Turner, Matthias and Hart, JJ., concur.